# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 3:10-cr-00033-2 |
| | ) | |
| v. | ) | **2255 MEMORANDUM OPINION** |
| | ) | |
| JEFFREY STERLING DEANE, JR. | ) | By: Norman K. Moon |
| Petitioner. | ) | United States District Judge |

Jeffrey Sterling Deane, Jr., a federal inmate proceeding *pro se*, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The government filed a motion to dismiss, and the time within which Deane had to respond has expired, making this matter ripe for consideration. After reviewing the record, I conclude that the government's motion to dismiss must be granted and Deane's § 2255 motion must be dismissed as untimely.

## I.

On September 22, 2010, a federal grand jury charged Deane in a ten-count indictment with conspiracy to distribute five kilograms of cocaine and 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii) and 846 ("Count One"); and brandishing and discharging a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) ("Count Four"), among other counts. On April 1, 2011, Deane pleaded guilty, pursuant to a written plea agreement, to Counts One and Four. Plea Agree. at 1, ECF No. 37. The government agreed to dismiss the remaining counts.

The Presentence Investigation Report ("PSR") recommended a total offense level of 40 for Count One because a victim had been killed under circumstances that constituted murder under U.S.S.G. § 2A1.1, a criminal history category of VI, and an imprisonment range of 360 months to life. PSR ¶¶ 19, 64, ECF No. 97. The PSR also recommended a statutory 120 month consecutive sentence on Count Four. Id. ¶ 66. Deane did not make any objections to the PSR.

On August 31, 2011, I sentenced Deane to 120 months on each count, to run consecutively, for a total of 240 months' imprisonment. Judgment at 2, ECF No. 98. In addition, I ordered that Deane's sentence run concurrent to a 98-month undischarged sentence resulting from a separate conspiracy drug conviction, *United States v. Deane*, No. 3:08-cr-00051-2. Deane did not appeal.

On June 13, 2016, Deane filed this § 2255 motion alleging that I imposed an unconstitutional sentence in light of *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015). I appointed the Federal Public Defender's Office to represent Deane and provide supplemental briefing, if necessary, in light of *Johnson*, pursuant to Standing Order 2015-5. The Federal Public Defender's Office declined to file any additional pleadings on Deane's behalf and moved to withdraw, a motion which I granted. Notice at 1, ECF No. 169.

## II.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Deane bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

**A. Timeliness of Petition**

A petition under § 2255 must adhere to strict statute of limitations requirements. A person convicted of a federal offense must file a § 2255 motion within one year of the latest date on which:

(1) the judgment of conviction becomes final;

(2) the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Deane did not file within one year of his final judgment, which was entered on September 6, 2011, and so his claims are untimely under § 2255(f)(1). Nonetheless, Deane argues that his petition is timely under § 2255(f)(3) because he filed the motion within one year of the Supreme Court's decision in *Johnson*, which was issued on June 26, 2015. The Supreme Court did announce a new rule of constitutional law in *Johnson* that applies retroactively. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). However, as explained below, *Johnson* does not affect Deane's case, and so his motion must be dismissed as untimely.

**B. *Johnson* Claim**

Deane claims that his conviction for Count Four, brandishing and discharging a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(iii), was invalidated by *Johnson*. This claim is unavailing.

The Armed Career Criminal Act ("ACCA") provides for a separate consecutive sentence if any person uses or carries a firearm during and in relation to *a crime of violence or drug trafficking crime*, or possesses a firearm in furtherance of such crimes. 18 U.S.C. § 924(c)(1)(A) (emphasis added). Deane's conviction in Count Four resulted from the use of a firearm to further the drug conspiracy to which he pleaded guilty in Count One. Accordingly, only the "drug trafficking crime" component of § 924(c)(1)(A) affected his sentence. The other type of

3

crime referenced in the statute, "crime of violence," played no role in his conviction and sentence. *Johnson* has never called into question convictions for serious drug offenses. Instead, *Johnson* invalidated a part of the ACCA's definition of a "violent felony," which employed language similar to that used to define a "crime of violence."[1]

Accordingly, whether or not the ACCA's definition of "crime of violence" survives constitutional muster in light of *Johnson*, is immaterial to Deane's claim.[2] Deane's conviction for use of a firearm was related to a drug trafficking crime; as such his reliance on *Johnson* is misplaced and his motion is untimely under § 2255(f)(3).

## III.

For the reasons stated, I will grant the government's motion to dismiss.

**ENTER:** This 10th day of May, 2017.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[1] In § 924(c)(3)(B), "crime of violence" is defined, among other ways, as a felony offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." This definition is similarly worded to the clause in another part of the ACCA, § 924(e)(2)(B)(ii), which the Supreme Court held to be unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. The *Johnson* Court struck down the part of the definition of a "violent felony," that provides: a crime punishable by imprisonment for a term exceeding one year and which "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).

[2] The Supreme Court has granted a writ of certiorari in *Lynch v. Dimaya*, 15-1498, to determine whether the residual clause in 18 U.S.C. § 16(b), which has the same wording as the residual clause in 18 U.S.C. § 924(c), is void for vagueness. However, as explained above, because the residual clause in § 924(c) had no bearing on Deane's sentence, there is no need to hold the case in abeyance pending the Supreme Court decision.